IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JUNIOR LAMONT DIGGS, | * | |
| Plaintiff, | * | |
| v. | * | |
| FLAGGER FORCE, LLC, | * | Civil No. 24-2668-BAH |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Junior Lamont Diggs ("Plaintiff") brought suit against Flagger Force, LLC ("Defendant") alleging claims of employment discrimination and retaliation. ECF 1 (complaint).[1] Pending before the Court is Defendant's Motion to Dismiss the Complaint or in the alternative, Motion for a More Definite Statement (the "Motion"). ECF 19.[2] A Rule 12/56 notice was mailed to Plaintiff on March 3, 2025.[3] ECF 20. Plaintiff failed to respond to the Motion. On May 1, 2025, Defendant filed correspondence with the Court requesting that "the Court treat Defendant's Motion as unopposed" and dismiss the complaint with prejudice. ECF 22, at 1. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

---

[1] Plaintiff also filed a supplement to the Complaint on October 4, 2024. ECF 5.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[3] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Janice D. v. Kijakazi*, Civ. No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, Civ. No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, Civ. No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

Accordingly, for the reasons stated below, Defendant's Motion for a More Definite Statement is **GRANTED**.

I.    **BACKGROUND**

Plaintiff was employed by Flagger Force, LLC.  ECF 1, at 6.  Plaintiff did not specify his position, but alleges that "the job demanded a lot of [his] time even working overtime[] at times." *Id.*  Plaintiff stated that he "never [] [got] a complaint about [his] work ethic," he "enjoyed working at Flagger Force," and it was "the longest [he] ever held a job."  *Id.* at 7.  Plaintiff alleges that he "was depressed" following his mother's passing and the decision to take her off life support.  *Id.* at 6.  Plaintiff alleges that he sought treatment from a psychiatrist and therapist to help cope with his loss and mental health.  *Id.* at 6–7.  Plaintiff also indicates that he "told [Flagger Force] during application and orientation about [his] visits related to [his] disability that [he has] every month," and that he was "in intense treatment."  *Id.* at 6.  Plaintiff also asserts that Flagger Force "did not even give [him] a chance to explain the intense treatment [he] was receiving for [his] mental health."  *Id.* at 7.  According to Plaintiff, "it was an [inequity] and gross injustice for them not [to] try to work things out with [him] and accommodate [his] well being because without [his] medication, management, and advice from [his] therapist telling [him] to read affirmation and teaching [him] coping skill[s], [he] would not [have] been mentally sound to work."  *Id.* at 8.

II.    **LEGAL STANDARD**

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  A motion for a more definite statement focuses on whether a party has "enough information to frame an adequate answer."  *Streeter v. SSOE Sys.*, No. WMN-09-cv-1022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (internal citation and quotation marks omitted).  However, such a motion must also be considered "in light

of the liberal pleading standards of Rule 8(a)." *Hubbs v. Cty. of San Bernardino, CA*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008). When a "'defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'" *Potts v. Howard Univ.*, 269 F.R.D. 40, 42 (D.D.C. 2010) (quoting *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986)).

## III.     ANALYSIS

In the Motion for a More Definite Statement, Defendant asserts that the Complaint, as currently drafted, does not specify the nature of Plaintiff's claims. More specifically, Defendant argues that "[i]n the thirteen pages of Plaintiff's Complaint, there are no counts, causes of action, reference or citation to any law, or request for relief." ECF 19-1, at 13. Defendant further explains that it is "impossible for Defendant to decipher the causes of action or the relief Plaintiff seeks," and therefore, "Defendant cannot prepare a response to Plaintiff's convoluted complaint." *Id.*

Upon careful review of the applicable pleadings, the Court agrees with Defendant that a more definite statement is necessary. To the extent Plaintiff has set forth some facts, the facts are insufficient to show that Plaintiff had a disability under the ADA[4], ECF 19-1, at 7, that a disability substantially limited his major life activities or bodily function, *id.* at 8, that his employer was on notice of the disability and failed to accommodate it, *id.* at 9, that his discharge from employment was based on his disability, *id.* at 10, or that he engaged in protected activity, *id.* at 11. In short,

---

[4] The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual" and may also substantially limit major bodily functions. 42 U.S.C. § 12102(1)(A); *Lashley v. Spartanburg Methodist Coll.*, 66 F.4th 168, 179 (4th Cir. 2023). While Plaintiff generally mentions that he "was depressed" following his mother's passing, ECF 1, at 6, there are insufficient facts to show that his depression substantially limited his major life activities. *See Herbig v. Martin*, Civ. No. PWG-12-3398, 2013 WL 3146937, at *6 (D. Md. June 18, 2013) ("While depression is an impairment recognized by the ADA, a medical diagnosis of depression is not the sin[e] qua non of having an ADA disability, and alleging merely the existence of an impairment without showing of substantial limitation to major life activities would not qualify Plaintiff as disabled." (quotation marks and internal citations omitted)).

to the extent Plaintiff is asserting claims under the Americans with Disabilities Act ("ADA") with respect to disability discrimination, failure to accommodate, and retaliation, a more definite statement is needed as to the nature and facts supporting any such claims.

While pro se pleadings are liberally construed, a more definite statement of the nature of Plaintiff's claims is required to comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. Defendant's Motion for a More Definite Statement is therefore granted. Plaintiff is ordered to file an Amended Complaint by August 8, 2025. Plaintiff is further advised that failure to comply with this Order and deadline will result in dismissal of his action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, *i.e.*, with prejudice.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for a More Definite Statement, ECF 19, is granted. Plaintiff is Ordered to file an Amended Complaint by August 8, 2025.

A separate implementing Order will issue.

Dated: <u>July 25, 2025</u>                                          <u>            /s/            </u>
                                                                         Brendan A. Hurson
                                                                         United States District Judge