IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUNIOR LAMONT DIGGS,

   Plaintiff,

v.      Civil No. 24-2668-BAH

FLAGGER FORCE, LLC,

   Defendant.

## MEMORANDUM AND ORDER

Junior Lamont Diggs ("Plaintiff") brought suit against Flagger Force, LLC ("Defendant") alleging claims of employment discrimination and retaliation. ECF 1 (complaint).[1] Pending before the Court is Defendant's Motion to Dismiss the Complaint or in the alternative, Motion for a More Definite Statement (the "Motion"). ECF 19.[2] A Rule 12/56 notice was mailed to Plaintiff on March 3, 2025.[3] ECF 20. Plaintiff failed to respond to the Motion. On May 1, 2025, Defendant filed correspondence with the Court requesting that "the Court treat Defendant's Motion as unopposed" and dismiss the complaint with prejudice. ECF 22, at 1. On July 25, 2025, the Court granted Defendant's Motion for a More Definite Statement and directed Plaintiff to file an amended complaint by August 8, 2025. ECF 24. The Court warned Plaintiff that "failure to

---

[1] Plaintiff also filed a supplement to the Complaint on October 4, 2024. ECF 5.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[3] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Janice D. v. Kijakazi*, Civ. No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, Civ. No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, Civ. No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

comply with this Order and deadline will result in dismissal of his action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)." ECF 23, at 4.  On August 15, 2025, Defendant filed correspondence with the Court requesting that the action be dismissed because Plaintiff had not filed an amended complaint by the deadline and failed to comply with the Court's July 25, 2025 Order.  ECF 25.  For the reasons stated below, the complaint is **DISMISSED** without prejudice.

I.        ANALYSIS

The Court finds that the case is subject to dismissal for failure to prosecute.  Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Thus, a complaint may be dismissed pursuant to Rule 41(b) for a plaintiff's failure to prosecute the action and/or failure to comply with orders of the court.  *See Leatherman v. Belk, Inc.*, No. 20-cv-00169, 2021 WL 848176, at *1 (W.D.N.C. Mar. 5, 2021) (citation omitted).  Courts need not await a motion by a defendant and may proceed sua sponte in dismissing a complaint pursuant to Rule 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party).  District courts evaluating dismissal under Rule 41(b) are required "to consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" *Sorto v. AutoZone, Inc.*, 821 F. App'x 188, 194–95 (4th Cir. 2020) (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)).

Considering these factors on this record weighs in favor of dismissal. Plaintiff, as a pro se litigant, is personally responsible for prosecuting his case. Though pro se plaintiffs are afforded some leeway, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Moreover, Plaintiff has been warned twice, including in this Court's most recent Order, ECF 23, that failing to respond will lead to the case being dismissed without further warning. *See Yates v. Town of Wallace*, *NC*, No. 21-cv-00012-M, 2021 WL 2004783, at *2 (E.D.N.C. May 19, 2021) ("The court finds that a lesser sanction would not be effective in this case; Plaintiff has been warned twice that his complaint may be dismissed, but he has failed to comply with court orders and rules. Plaintiff proceeds in this action pro se and, thus, the responsibility for prosecuting this action is solely his."); *Leatherman*, 2021 WL 848176, at *1 ("Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's choice, and not any neglect of an attorney, that Plaintiff has not responded to Defendant's motion or the Court's Roseboro Order requiring her to respond. The undersigned thus concludes the Plaintiff has abandoned her lawsuit. No other reasonable sanctions are available."). Finally, Plaintiff's conduct causes Defendant prejudice, as Defendant is unable to adequately mount a defense without Plaintiff's participation and clarification of the complaint. Though there is no evidence of a history of dilatory actions by Plaintiff, the other factors counsel in favor of dismissal.

For these reasons and noting again that Plaintiff was explicitly warned of the outcome if he did not respond to this Court's most recent order, dismissal for failure to prosecute is appropriate.

## II. CONCLUSION

Accordingly, it is this 18th day of August, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b);

2. The Clerk is directed to **CLOSE** this case.

Dated: August 18, 2025

/s/
Brendan A. Hurson
United States District Judge